The opinion of the Court was delivered by
Dunkin, Ch.
The Chancellor was of opinion, that if the bill of sale from Shériff Harley, to Henry Hartzog, (the brother-in-law of the complainant,) dated 1st October, 1832, was merely colorable, and that he held the slaves on a secret trust, for Newport Head’s wife and children, which was carried into effect by the deed of 28th January, 1833, to the trustees Reed and Hair, *141 this must be regarded as a post-nuptial settlement, and would be void for want of proper registry. In this view, this Court unanimously concur, and it is unnecessary to add materially to the reasoning of the Chancellor on this subject. If the deed of January, 1833, was, bona fide, a settlement by Hartzog on the family of Head, it would not be sustained by the consideration of marriage, and would be, in no respect, a marriage settlement. But, if the property belonged to the husband, who confessed a voluntary judgment to a third person, and then had the property sold at Sheriff’s sale, to the plaintiff under such judgment, who, thereupon, settled the property on the family of the apparent debtor, this flimsy contrivance cannot defeat the beneficial provisions of the statute. It is void as to creditors, if not recorded in the proper offices, within the time prescribed by law.
The character of the transaction, was proved by evidence of the declarations of Henry Hartzog, (who is since dead) made while he held the Sheriff’s deed for the slaves, and before his transfer to Reed and Hair as trustees. • The Chancellor received the evidence as reported to him by the Commissioner, subject to objection, and it is set forth in the decree. If admissible, it establishes, very clearly, the declarations of Hartzog, that Head owed him nothing at the time of the purchase from the Sheriff, and that Head had transferred the negroes to him for the benefit of his (Head’s) wife- and children. Upon consideration, the Chancellor rejected the testimony and decreed for the complainants ; and the rejection of this evidence constitutes the defendants’ first ground of appeal.
There are several classes of cases, in which the admissions of third persons, not parties to the suit, are admissible in evidence. It is done, for instance, says Mr. Greenleaf, (Yol. 1, § 181,) “ when the issue is, substantially, upon the mutual rights of such persons at a particular time ; in this case, it is the practice to let in such evidence in general as would be legally admissible in an action between the parties themselves.” Can there be any doubt that, in an action between the complainants and Henry Hartzog, or between these-'defendants and Henry Hartzog, *142 his admissions as to the character of his title at that time, would be receivable in evidence? If, prior to the deed of January, 1833, the complainants had sought to enforce the trust, or the creditors of Head had attempted to set aside the Sheriff’s deed of October, 1832, would not the admissions of Henry Hartzog be evidence of the most direct and satisfactory character ?
The admissions of a person not a party are also admissible, in respect of his privity with a party. Id. § 189. The trustees under the deed of January, 1833, are privies in estate with Henry Hartzog, and any admissions by him qualifying his right, and made while he held the legal title, are receivable in evidence against his successors, in the same manner as they would have been against himself. See also § 190. The Chancellor remarks, that “Hartzog, if alive, might be examined as a witness. By his death, the defendants have the misfortune, not uncommon, of losing a witness whose declarations cannot be received in evidence.” It does not appear to us that the defendants would have been obliged to make a witness of Hart-zog if alive; or that they have lost anything by his death. His admissions, made in 1832, would be equally receivable in evidence, although he were now to testify that those declarations, thus made by him, were not true, or that he never made them. “ These admissions by third persons ” says the elementary writer, already cited, § 191, “ as they derive their value and legal force from the relation of the party making them to the property in question, and are taken as parts of the res gestoe, may be 'proved by any competent witness who heard them, without calling the party by whom they were made. The question is, whether he made the admission, and not merely, whether the fact is as he admitted it to be. Its truth, where the admission is not conclusive, (and it seldom is so,) may be controverted by other testimony; even by calling the party himself when competent; but it is not necessary to produce him; his declarations, when admissible at all, being admissible as original evidence, and not as hearsay.”
A majority of this Court is of opinion, that the admissions of *143 Henry Hartzog, as proved, were properly receivable in evidence, and that, corroborated and confirmed as they are by his deed 'to the trustees, of January, 1833, it established this latter to be a post-nuptial settlement, within the provisions of the Acts of Assembly. Not having been duly recorded, it should have been declared void as to the rights of creditors. It is ordered and decreed, that the decree of the Circuit Court be reformed— that the injunction be dissolved, and that the bill be dismissed, but without costs.
JohNston, Dargan and Wardlaw, CC. concurred.
Decree reversed. «